**ROYAL INSURANCE CO., et al., Appellants,**

v.

**McCRORY CORPORATION, Appellee.**

94 Civ. 5734 (SS).

United States District Court, S.D. New York.

Jan. 6, 1995.

Budd Larner Rosenbaum Greenberg & Sade (Stuart Gold, of counsel), Short Hills, NJ, for appellants.

Fried, Frank, Harris, Shriver & Jacobson (Ira S. Sacks, Gregg L. Weiner, of counsel), New York City, for appellee.

## MEMORANDUM OPINION AND ORDER

SOTOMAYOR, District Judge.

In this bankruptcy appeal, appellee McCrory Corporation ("McCrory") seeks to dismiss some of the appellants in this action. McCrory alleges that appellants Supermarket General Holdings Corporation, U.S. Shoe Corporation, the Disney Store, Incorporated, and the Children's Place Retail Stores (hereinafter the "Retail Appellants") lack standing to prosecute an appeal from an order by the United States Bankruptcy Court for the Southern District of New York (Blackshear, J.), because they were not directly and pecuniarily affected by that order. For the reasons discussed below, McCrory's motion is granted.

### Background

McCrory and the Retail Appellants were tenants at the Walt Whitman Mall on Long Island. On May 16, 1991, a fire broke out in McCrory's store (the "Walt Whitman Fire"), and spread to the stores of the Retail Appellants. A number of actions arising out of the Walt Whitman Fire were filed against McCrory. McCrory subsequently filed for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code"). By order dated June 23, 1992, the bankruptcy court established August 15, 1992 as the bar date for filing proofs of claim. The bankruptcy court permitted discovery to continue in various lawsuit filed against McCrory prior to its filing for Chapter 11 protection, including the actions arising out of the Walt Whitman Fire.

On May 2, 1994, Continental Casualty Company ("Continental"), American Casualty Company of Reading, Pennsylvania ("American Casualty"), American Empire Insurance Company ("American Empire"), and Royal Insurance Company of America ("Royal") moved to lift the automatic stay (the "Lift Stay Motion"), pursuant to § 362 of the Bankruptcy Code, for the limited purpose of allowing these parties to participate in the discovery proceedings being conducted by other parties injured as a result of the Walt Whitman Fire. In a three page order dated May 31, 1994 (the "Order"), the Bankruptcy Court granted the Lift Stay Motion as to American Casualty, American Empire, and Royal with respect to proof of claim numbers 1725, 1729, and 1731. The Bankruptcy Court declined to lift the automatic stay as to proof of claim numbers 10637 and 10639, filed by Continental and Royal respectively, because these claims were not filed in a timely man-

ner. The Bankruptcy Court further held that Continental and Royal failed to meet their burden of showing excusable neglect for failing to file a timely proof of claim under Rules 3003 and 9006 of the Federal Rules of Bankruptcy Procedure.

On May 20, 1994, Continental and Royal filed a notice of appeal from the Order. On May 27, 1994, the Retail Appellants filed a separate notice of appeal from the Order. These notices of appeal were consolidated on June 31, 1994. On October 17, 1994, McCrory made the instant motion to dismiss the Retail Appellants.

McCrory argues that because the Retail Appellants never appeared before or filed papers with respect to the Lift Stay Motion, the rights of the Retail Appellants were never affected and consequently they lack standing to be parties to the appeal filed by Continental and Royal. In a letter to the Court dated October 20, 1994 (the "October Letter"), the Retail Appellants conceded that "the form of the order entered in the court below applied only to the Appellants [Continental and Royal]...." They contend, however, that standing exists because they are similarly situated to Royal and Continental, as they too failed to file proofs of claim by the bar date.

### Discussion

Unlike the Bankruptcy Code of 1938, the Bankruptcy Code of 1978 does not contain a formal standing requirement. Nevertheless, to prevent bankruptcy appeals from becoming unwieldy, the Second Circuit requires an appellant to be a "person aggrieved." *Kane v. Johns–Manville Corp.,* 843 F.2d 636, 641 (2d Cir.1988). A person aggrieved is a person "directly and adversely affected pecuniarily by the challenged order of the bankruptcy court." *Int'l Trade Admin. v. Rensselaer Polytechnic Institute,* 936 F.2d 744, 747 (2d Cir.1991) (internal quotations omitted). The requirement of financial injury makes this standing rule more exacting than the "injury in fact" test imposed by Article III of the Constitution. *Kane* at 642 n. 2. Moreover, as a general rule, persons aggrieved have standing to appeal, even if they did not intervene in the proceedings

before the bankruptcy court. *Int'l Trade* at 747–48.

Both parties agree that the dispositive issue is whether the Retail Appellants were directly and adversely affected pecuniarily by the Order. As noted, the Retail Appellants admit that the Order does not purport to affect any parties other than the named insurance companies. Instead, the Retail Appellants argue that if they moved to lift the automatic stay before the bankruptcy court, their motion would meet the same fate as the one made by Continental and Royal. Read fairly, however, the Order does not provide a clear basis for this conclusion. The Order was narrowly tailored to the facts involved in the motions of Continental and Royal, and included a finding the Continental and Royal failed to show that their failure to file a timely proof of claim was the result of excusable neglect. To adopt the position urged by the Retail Appellants would be an exercise in conjecture.

The proper course of action, therefore, is for the Retail Appellants to make their motion to lift the automatic stay before the bankruptcy court. Whether an automatic stay should be lifted is a decision properly left within the sound discretion of the bankruptcy judge. *In re Sonnax Indus., Inc.,* 907 F.2d 1280, 1286 (2d Cir.1990) (citations omitted). Leaving the decision to lift the automatic stay in the capable hands of Judge Blackshear is especially appropriate, as he is well acquainted with the various parties, claims, and pending discovery proceedings involved in this case. I note that the Retail Appellants have not alleged that they will be prejudiced in any way if they have to make their motion before the bankruptcy court.

### Conclusion

For the reasons discussed above, appellants Supermarket General Holdings Corporation, U.S. Shoe Corporation, the Disney Store, Incorporated, and the Children's Place Retail Stores are ordered dismissed from prosecuting the instant appeal because they lack standing. The remaining appellants are directed to file the appropriate briefs in accordance with my individual rules of practice.

The Clerk of the Court is directed to enter judgment accordingly.

**SO ORDERED.**